

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable F. L. Massie
County Auditor
Wilbarger County
Vernon, Texas

Dear Sir:

Opinion No. O-6614
Re: Whether Wilbarger County
is authorized to issue
bonds for memorial audi-
torium.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Some of our citizens are proposing to petition the County to call a bond election for the purpose of constructing an auditorium.

"The building proposed is to be called a memorial auditorium honoring service men of the two wars. In addition to the auditorium proper, the building will contain rooms for County Demonstration Clubs, 4-H Clubs, and others. The entire building would be available for any organization in the County as well as the city of Vernon.

"In your opinion, would the County be authorized to issue bonds for such a purpose?"

Opinion No. O-5978 of this department holds that Clay County, Texas, cannot lawfully expend money out of its Permanent Improvement Fund for the purpose of erecting a monument or some form of memorial on the courthouse yard in honor of Clay County boys in the Armed Services. We quote from said opinion as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Generally speaking, it is well established in this State that 'commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State.' (Tex. Jur., Vol. 11 p. 565).

"We have failed to find any authority that permits the commissioners' court to expend county funds for the purpose heretofore mentioned. We do not think that a 'monument or memorial' such as mentioned in your letter is a permanent improvement as contemplated by the Constitution or statutes of this State.

"Therefore, in the absence of such authority, it is the opinion of this department that Clay County has no legal authority to expend money out of the Permanent Improvement Fund or any other county fund for the purpose of erecting a monument or some form of memorial in honor of the citizens of said county who are in the Armed Services, although the proposed expenditure of said funds is a patriotic and commendable one."

Likewise, we have been unable to find any statutory authority for the issuance of bonds by the County for the purposes stated in your letter.

Under the facts stated we answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Wm. J. Fenning
               Assistant

APPROVED JUN 4, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:BT



APPROVED
OPINION
COMMITTEE
BY BWB